**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:13 CR 362 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| SHAUN B. WINBORN, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Defendant. | ) | |

This matter comes before the Court upon Defendant, Shaun Winborn's Motion for Relief Under 28 U.S.C. § 2255. (ECF # 41). The government filed a Response to the motion. (ECF # 47). Mr. Winborn did not file a timely Reply. Mr. Winborn claims that he is entitled to a new sentencing hearing based on *Johnson v. United States*, 35 S. Ct. 2551, 2563 (2015). *Johnson* invalidated the "residual clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), The "residual clause" defined one way a defendant's prior convictions could have qualified as "crimes of violence," which led to enhanced penalties for the defendant's current conviction. This is the only grounds upon which he claims an entitlement to relief.

Mr. Winborn's sentence was not enhanced for any prior convictions of "crimes of violence" under the residual clause or otherwise. His base offense, and resulting guideline calculation were increased, pursuant to U.S.S.G. §§ 4B1.2(b), 2K2.1(a)(2) because he had two or

more qualifying convictions for "controlled substances offenses."[1]  These types of offenses were not affected, or in any way implicated, by the *Johnson* decision or its progeny.  *See, e.g., United States v. Blackwell*, 2016 WL 1733300, *2 (May 2, 2016).     Mr. Winborn was properly sentenced under the applicable statutes and sentencing guidelines and there is no basis for vacating or re-visiting his sentence.

     /s/ Donald C. Nugent
     DONALD C. NUGENT
     United States District Judge

DATED:  August 12, 2016

---

[1] Mr. Winborn's criminal history category was determined to be a category VI based on a finding that he had 18 eligible criminal history points, including four points for two felony controlled substance convictions which he contested on appeal.  The appellate court upheld his sentence, and these are not the basis of his §2255 request.  *Johnson* also has no effect on his criminal history calculation.